Filing # 61974654 E-Filed 09/25/2017 11:18:22 PM

|  |  |
|---|---|
| | IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA |
| LAZARIUS PEP LEVINGSTON, | GENERAL JURISDICTION DIVISION |
| Plaintiff, | CASE NO.: |
| vs. | |
| BUCCANEERS LIMITED PARTNERSHIP, d/b/a Tampa Bay Buccaneers, a Delaware Limited Partnership, and MIKE GREENBERG, an individual, | |
| Defendants. _____/ | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LAZARUIS PEP LEVINGSTON, by and through undersigned counsel, and sues the Defendants BUCCANEERS LIMITED PARTNERSHIP, d/b/a Tampa Bay Buccaneers, a Delaware Limited Partnership (hereinafter "Buccaneers") and MIKE GREENBERG (hereinafter "Greenberg"), an individual, and allege:

### INTRODUCTION

1. As a direct and proximate result of Defendants' actions, omissions, negligence, fraud in the inducement, negligent misrepresentations, misrepresentations, concealment, and fraud, Plaintiff, Lazarius Pep Levingston, was released from the Tampa Bay Buccaneers NFL organization with a $30,000 injury settlement for a cervical strain/sprain; thoracic sprain/contusion; and shoulder contusion. See Exhibit 1 attached hereto.

2. This settlement presented by Defendants, and signed by Mike Greenberg as an employee and/or agent of Co-Defendant, was based upon a falsehood.

3. Defendants knew or should have known of this falsehood.

4. Critically, Plaintiff had more than cervical sprains, strains and contusions, and had the following diagnosis from agents, apparent or otherwise, of the Defendant:

    a. a C3-C4 disc herniation;

    b. a C4-C5 disc bugle;

    c. a C5-C6 disc herniation;

    d. a C6-C7 disc bulge

    e. a C7-T1 disc bulge.

-- See Exhibit 2, attached hereto, note from a facility and doctor the Defendant, Tampa Bay Buccaneers sent Plaintiff to for evaluation.

5. Defendants were sophisticated business people who operate daily in a world of bodily injuries and knew or should have known the clear differences between sprains/strains and contusions on one hand, and herniations and bulges the other.

6. For these proper diagnoses, the Plaintiff should have received more than $30,000.

7. For these proper diagnoses, the Plaintiff should have been given game and/or season credits and received monies, benefits and /or an NFL/NFL PA/union pensions.

8. Defendants' decision to conceal this material information from Plaintiff in an attempt to save money, placed Plaintiff in actual and/or perceived physical and neurological danger and cost him substantial sums of money.

9. The Tampa Bay Buccaneers as an organization had all of the information at hand and resources to properly present to the Plaintiff his injuries and the required settlement amount and procedures for those injuries.

10. Pursuant to team, league, and/or union guidelines and/or bylaws, explicit or implied, the Buccaneers, had it properly disclosed the information it had, would have been forced to pay more than $30,000

11. Mike Greenberg, who drafted the settlement agreement, whose name appears on the settlement agreement, and who signed the settlement agreement, was and is Director of Football Operations for Co-Defendant, and as of the date of this complaint, Mr. Greenberg was prominently displayed on Co-Defendant's website.

12. Defendants acted intentionally, recklessly and carelessly in lying to the Plaintiff as they were discarding him—hoping he would not find out what they knew: Plaintiff had much more than a bruise or a strain/sprain.

## BACKGROUND AND PROCEDURAL FACTS

13. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00).

14. The incident giving rise to this Complaint occurred in Hillsborough County, Florida, therefore venue is proper.

15. At all times material, Plaintiff lived in Hillsborough County, Florida.

16. Venue is proper in Hillsborough County, Florida pursuant to §§ 47.021 and/or 47.051, Florida Statutes. Defendant, Buccaneers is a foreign partnership and resides in and has its headquarters and principal place of business in the city of Tampa, Florida, Hillsborough County and Defendant, Greenberg, according to Co-Defendant's website, is a resident of Tampa, Florida, who works in Hillsborough County as an employee and/or agent of Co-Defendant.

17. The document/contract at issue, Exhibit 1, was drafted, presented (and later signed) in Florida by a resident of Florida (Greenberg), who is an employee of an organization primarily based in the city of Tampa, Florida (Tampa Bay Buccaneers), and thereafter signed by a then resident of Florida (Plaintiff, Lazarius Levingston.)

18. This Court has personal jurisdiction over Defendants, pursuant to § 48.193 because Defendants have in the past and continue to engage in substantial and not isolated business activity

on a continuous and systematic basis in the State of Florida; this action arises out of Defendants operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state; and this action arises out of Defendants committing a tortious act in Florida.

## FACTUAL BACKGROUND

19. On August 8, 2013, during a pre-season game and as a member of the Tampa Bay Buccaneers NFL team, Plaintiff, a defensive lineman beginning his third season in the NFL, was double teamed by two offensive linemen while defending a gap in the defensive line. Plaintiff's torso was twisted during the play.

20. Plaintiff was escorted off of the field of play and to the locker room for further evaluation.

21. On August 30, 2013, due to pain, Plaintiff underwent an MRI at the request and behest of his employer, Defendant Tampa Bay Buccaneers.

22. On September 2, 2013, Defendant initially attempted to waive Plaintiff as "not injured," despite the fact that they had previously conveyed to Plaintiff that he had shoulder and neck contusions.

23. After pushback from Plaintiff that he was injured –a fact which he knew from the "contusion" and "sprain/strain" information previously conveyed by Defendant, on or about September 26, 2017, the Tampa Bay Buccaneers presented Plaintiff with an injury settlement referenced in Exhibit 1 for a cervical strain/sprain; thoracic sprain/contusion; and shoulder contusion that was signed by Mike Greenberg and Plaintiff on September 26, 2013 or over the course of the following days.

24. At no time did Defendants attempt to correct this wrong.

25. After being released and provided inadequate compensation due to Defendant's fraud and concealment, Plaintiff tried to rehab and get back to playing during the next few months and years in the NFL and Canadian Football League.

26. In May or June 2016, Plaintiff was told he had multiple cervical disc herniations for the first time, and this diagnosis resulted in a failed physical with the Detroit Lions, another NFL team.

27. Shocked that he had cervical herniations, Plaintiff requested his medical records from Defendant, Buccaneers. All requests were ignored either from a lack of responsiveness, knowledge of patient rules concerning medical disclosures, and/or because they knew they had covered up Plaintiff's injuries.

28. Plaintiff thus, in a search for the truth, went to the MRI/doctor's office facility the Buccaneers had initially sent Plaintiff to back in 2013, and received the MRI results then for the first time –in 2016– and realized that the Buccaneers had defrauded him and put his life in danger out of corporate greed and recklessness. Plaintiff had cervical disc herniations and bulges the whole time.

## COUNT I – NEGLIGENCE AGAINST BUCCANEERS

The Plaintiff incorporates and re-alleges paragraphs 1-28 above, as if fully set forth herein and he further states:

29. At all times material hereto, Defendant, as employer of Plaintiff and as drafter of the settlement agreement, through its agents and employees, owed a duty to Plaintiff to exercise reasonable and ordinary care, and properly represent what it knew and duty to act with good faith and fair dealing with the Plaintiff, as Defendant and Plaintiff negotiated an injury release/settlement.

30. At all times material hereto, Defendant, through its agents and employees, knew or in the exercise of reasonable care should have known Plaintiff had cervical bulges and herniations, and that misrepresenting that information, failing to disclose, and/or covering up that information would irreparably harm the Plaintiff's both bodily and monetarily.

31. Defendant, through its agents and employees, knew or in the exercise of reasonable care should have known they had better and more information than Plaintiff.

32. Defendant breached its duty to exercise reasonable care for the safety and protection of Plaintiff and acted in a careless and negligent manner in various respects including but not limited to the following acts of omission or commission:

    a. failing to deal with Plaintiff in good faith;

    b. misrepresenting and/or concealing the true nature of Plaintiff's injuries;

    c. failing to pay what was owed for the Plaintiff's true injuries;

    d. recklessly sending the Plaintiff into the world and into future football endeavors without providing him with the knowledge of the true nature of his injuries, leading him to pursue rehab and football with insufficient information;

    e. acting negligently;

    f. failing to provide Plaintiff's medical records to Plaintiff;

    g. failing to have proper procedures in place so that agents and/or employees, including but not limited to Co-Defendant Mike Greenberg, would have the correct injury information before releasing a player and to convey that information;

    h. failing to implement its procedures so that agents and/or employees, including but not limited to Co-Defendant Mike Greenberg, would have the correct injury information before releasing a player and to convey that information; and/or

i. other negligence, acts or omissions, to be discovered at a later time.

33. The negligence of Defendant proximately caused an exacerbation of injuries, cost years of Plaintiff's life, and monetary/pecuniary damages.

34. As a direct and proximate result of the negligence of Defendant, Plaintiff settled for an amount that was too low, lost the money that should have been offered initially, lost an opportunity to be a "vested" NFL player with access to the NFL/NFL Pa/union's pension, bodily injury, and loss of opportunity.

35. The injuries and damages are either permanent or continuing in nature and Plaintiff will suffer these losses and impairment in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, plus court costs, and any further relief to which Plaintiff is entitled under the applicable law and further demands a trial by jury for all issues triable as of right by jury.

## COUNT II – FRAUD IN THE INDUCEMENT AGAINST BUCCANNEERS

The Plaintiff incorporates and re-alleges paragraphs 1-28 above, as if fully set forth herein and he further states:

36. Defendant, through its employees and agents, including, but not limited to Co-Defendant Mike Greenberg conspired with Co-Defendant, and/or aided and abetted Co-Defendant and others to defraud, conceal and therefore intentionally harm the Plaintiff for monetary and/or pecuniary gain.

37. Defendant, through its employees and agents, including but not limited to Co-Defendant Mike Greenberg made a false statement concerning a material fact in Exhibit 1, that Plaintiff had contusions and sprains when they had direct and explicit information that Plaintiff's injuries were more severe, namely herniations and bulges to his cervical spine.

38. Defendant, through its employees and agents, including, but not limited to Co-Defendant Mike Greenberg had knowledge that that representation was false,

39. Defendant intended to induce, and succeeded in, inducing Plaintiff to act upon said information and Plaintiff settled for a fraction of what the settlement should have been for cervical herniations and bulges.

40. The fraud of Defendant proximately caused an exacerbation of injuries, cost years of Plaintiff's life, and caused monetary/pecuniary damages.

41. As a direct and proximate result of the fraud of Defendant, Plaintiff settled for an amount that was too low, lost the money that should have been offered initially, lost opportunity to be a "vested" NFL player with access to the NFL/NFL Pa/union's, interest on the money that should have been obtained, bodily injury, and loss of opportunity.

42. The injuries and damages are either permanent or continuing in nature and Plaintiff will suffer these losses and impairment in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, plus court costs, and any further relief to which Plaintiff is entitled under the applicable law and further demands a trial by jury for all issues triable as of right by jury.

## COUNT III NEGLIGENT MIKE GREENBERG

The Plaintiff incorporates and re-alleges paragraphs 1-28 above, as if fully set forth herein and he further states:

43. At all times material hereto, Defendant, as an agent and/or employee of Co-Defendant, owed a duty to Plaintiff to exercise reasonable and ordinary care, and properly represent what it knew, and he had a duty to act with good faith and fair dealing with the Plaintiff, as Defendant and Plaintiff negotiated an injury release/settlement.

44. At all times material hereto, Defendant knew or in the exercise of reasonable care should have known Plaintiff had cervical bulges and herniations, and that misrepresenting that information, failing to disclose, and/or covering up that information would irreparably harm the Plaintiff's both bodily and monetarily.

45. Defendant knew or in the exercise of reasonable care should have known he had better and more information than that of Plaintiff.

46. Defendant breached his duty to exercise reasonable care for the safety and protection of Plaintiff and acted in a careless and negligent manner in various respects including but not limited to the following acts of omission or commission:

    a. failing to deal with Plaintiff in good faith;

    b. misrepresenting and concealing the true nature of Plaintiff's injuries;

    c. failing to pay what was owed for the Plaintiff's true injuries;

    d. recklessly sending the Plaintiff into the world and into future football endeavors without providing him with the knowledge of the true nature of his injuries, leading him to pursue rehab and football with insufficient information;

    e. acting negligently;

    f. failing to provide Plaintiff's medical records to Plaintiff;

    g. failing to have proper procedures in place to ensure that the Co-Defendants would have the correct injury information before releasing a player and convey that information;

    h. failing to implement its procedures to ensure that the Co-Defendant would have the correct injury information before releasing a player and convey that information; and/or

    i.  other negligence to be discovered at a later time.

47. The negligence of Defendant proximately caused an exacerbation of injuries, cost years of Plaintiff's life, and monetary/pecuniary damages.

48. As a direct and proximate result of the negligence of Defendant, Plaintiff settled for an amount that was too low, lost the money that should have been offered initially lost an opportunity to be a "vested" NFL player with access to the NFL/NFL Pa/union's pension, bodily injury, and loss of opportunity.

49. The injuries and damages are either permanent or continuing in nature and Plaintiff will suffer these losses and impairment in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, plus court costs, and any further relief to which Plaintiff is entitled under the applicable law and further demands a trial by jury for all issues triable as of right by jury.

### COUNT IV – FRAUD IN THE INDUCEMENT AGAINST MIKE GREENBERG

The Plaintiff incorporates and re-alleges paragraphs 1-28 above, as if fully set forth herein and he further states:

50. Defendant, conspired with Co-Defendant and/or aided and abetted Co-Defendant and others to defraud, conceal and therefore intentionally harmed the Plaintiff for the monetary and/or pecuniary gain of himself and his employer/organization.

51. Defendant made a false statement concerning a material fact in Exhibit 1, that Plaintiff had contusions and sprains when he had direct and explicit information that Plaintiff's injuries were more severe, namely herniations and bulges to his cervical spine.

52. Defendant had knowledge that that representation was false.

53. Defendant intended and succeeded in inducing Plaintiff and his agents to act upon said information and Plaintiff settled for a fraction of what the settlement should have been for cervical herniations and bulges.

54. The fraud of Defendant proximately caused an exacerbation of injuries, cost years of Plaintiff's life, and caused monetary/pecuniary damages.

55. As a direct and proximate result of the fraud of Defendant, Plaintiff settled for an amount that was too low, lost the money that should have been offered initially, lost opportunity to be a "vested" NFL player with access to the NFL/NFL Pa/union's, interest on the money that should have been obtained, bodily injury, and loss of opportunity.

56. The injuries and damages are either permanent or continuing in nature and Plaintiff will suffer these losses and impairment in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendant for damages, plus court costs, and any further relief to which Plaintiff is entitled under the applicable law and further demands a trial by jury for all issues triable as of right by jury.

## DEMAND FOR JURY TRIAL

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL COUNTS.**

DATED this 25TH DAY OF SEPTEMBER 2017

RESPECTFULLY SUBMITTED,
ERIC M. TINSTMAN, ESQ
The Tinstman Law Firm, P.A.
Counsel for Plaintiffs
2665 South Bayshore Drive – Suite 601
Grand Bay Plaza
Miami, Florida 33133
Telephone (305) 762-9834
Email: Eric@TheTinstmanLawFirm.com

**/s/ Eric M. Tinstman**
ERIC M. TINSTMAN, ESQ
Florida Bar No. 0070892

Page 3 of 3

## AGREEMENT AND RELEASE

This Agreement and Release is entered into this 26th day of September, 2013, by and between **LAZARIUS LEVINGSTON** ("Player") and the **BUCCANEERS LIMITED PARTNERSHIP**, a Delaware limited partnership ("Club").

I have been advised by the Club physician that I have the following physical conditions:

- Cervical strain/sprain;
- Thoracic sprain/contusion; and
- Shoulder contusion

I have received a full explanation from the Club physician as to the nature of the aforementioned injury and as to the period of time it will require for a total convalescence, said period of time being 1-2 Regular Season Games.

In exchange for the consideration specified below, I release and forever discharge the Club, the Club physicians, the Club trainers, the National Football League, their agents and employees, from any and all claims arising from or related to my employment by the Club, or any medical care incident to such employment, including without limitation any claims pursuant to Paragraphs 5 and 9 of my NFL Player Contract with Club or any claims arising under Article 39, 43, 44 and 45 of the 2011 Collective Bargaining Agreement.

This agreement and release in no way supersedes or obviates the applicability of the League's waiver system to player.

Consideration: Payment by Club to Player of **$30,000 (Thirty Thousand Dollars)**, less applicable taxes, in accordance with Paragraph 5 of Player's 2013 NFL Contract. Player shall receive this payment in one lump sum payment on or before October 4, 2013.

_____    _____
LAZARIUS LEVINGSTON                MIKE GREENBERG

_____    _____
DATE                               DATE



Tampa Bay Imaging - Tampa
2700 W. Dr MLK Jr. Blvd.
Suite 130
Tampa, FL 33607
Phone: (813) 386-3874  Fax: (813) 306-0400

| | |
|---|---|
| Patient: LEVINGSTON, LAZARINS | Exam Date: 08/30/2013 |
| MRN : T35850 | DOB: 11/16/1987 |
| Referring Physician: ZVIJAC, JOHN | FAX: (786) 533-9976 |

### MRI OF THE CERVICAL SPINE WITHOUT CONTRAST

HISTORY: NECK PAIN WITH DECREASED ROM

REASON: BUC

TECHNIQUE: MRI of the cervical spine without contrast was performed with a multiplanar multi-sequence technique.

COMPARISON: NONE

FINDINGS:
There is no evidence of acute fracture or subluxation. The facets are intact. There is no marrow edema or paraspinal soft tissue edema. Normal signal is seen throughout the cervical cord.

At C2-3, there is no disc herniation, spinal stenosis, or foraminal narrowing.

At C3-4, there is a right posterolateral disc herniation. There is greater right than left foraminal narrowing. The cross-sectional area of the spinal canal is at lower limits of normal.

At C4-5, there is a broad-based disc bulge and bilateral foraminal narrowing. The cross-sectional area of the spinal canal is at lower limits of normal.

At C5-6, there is a left posterolateral disc herniation. There is greater left than right foraminal narrowing. The cross-sectional area of the spinal canal is at lower limits of normal.

At C6-7, there is a mild disc bulge. There is no spinal stenosis or foraminal narrowing.

At C7-T1, there is a right posterolateral disc bulge and mild right foraminal narrowing. There is no spinal stenosis.

There is loss of the normal cervical lordosis. This can indicate muscle spasm.

IMPRESSION:
1. At C3-4, there is a right posterolateral disc herniation. There is greater right than left



Tampa Bay Imaging - Tampa
2700 W. Dr MLK Jr. Blvd,
Suite 130
Tampa, FL 33607
Phone: (813) 386-3674  Fax: (813) 386-0499

| | |
|---|---|
| Patient: LEVINGSTON, LAZARINS | Exam Date: 08/30/2013 |
| MRN: T36880 | DOB: 11/18/1987 |
| Referring Physician: ZVIJAC, JOHN | FAX: (786) 553-0970 |

foraminal narrowing. The cross-sectional area of the spinal canal is at lower limits of normal.
2. At C4-5, there is a broad-based disc bulge and bilateral foraminal narrowing. The cross-sectional area of the spinal canal is at lower limits of normal.
3. At C5-6, there is a left posterolateral disc herniation. There is greater left than right foraminal narrowing. The cross-sectional area of the spinal canal is at lower limits of normal.
4. At C6-7, there is a mild disc bulge. There is no spinal stenosis or foraminal narrowing.
5. At C7-T1, there is a right posterolateral disc bulge and mild right foraminal narrowing. There is no spinal stenosis.
6. There is loss of the normal cervical lordosis. This can indicate muscle spasm.

Electronically Signed by: THORPE, MICHAEL, MD        08/30/2013 10:30:30 AM

Page 2 of 2

STATE OF FLORIDA           )
COUNTY OF HILLSBOROUGH )
THIS IS TO CERTIFY THAT THE FOREGOING IS A TRUE
AND CORRECT COPY OF THE DOCUMENT ON FILE IN
MY OFFICE. WITNESS MY HAND AND OFFICIAL SEAL
THIS 25th DAY OF January 20 18



PAT FRANK
CLERK OF CIRCUIT COURT

BY _____ D.C.
Eileen Salas-Acevedo

Filing # 61974654 E-Filed 09/25/2017 11:18:22 PM

### FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>THIRTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>HILLSBOROUGH</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Lazarius Levingston</u>
Plaintiff
                vs.
<u>Buccaneers Limited Partnership, Mike Greenberg</u>
Defendant

**II.   TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☒ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☐ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

**III. REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

**IV. NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

4

**V. IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

**VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Eric M Tinstman      FL Bar No.: 70892
Attorney or party                              (Bar number, if attorney)

Eric M Tinstman      09/25/2017
(Type or print name)                              Date

STATE OF FLORIDA )
COUNTY OF HILLSBOROUGH)
THIS IS TO CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE DOCUMENT ON FILE IN MY OFFICE. WITNESS MY HAND AND OFFICIAL SEAL THIS 25th DAY OF January 20 18
PAT FRANK
CLERK OF CIRCUIT COURT
BY _____ D.C.
Eileen Salas-Acevedo